Opinion of the court delivered by
Judge Haywood.—
On the 19th June, 1816, Kensinger made an entry, and obtained a'platt and certificate which Malseley and Howe caveated. The caveat was tried upon issues made up, and the jury found, that the lands contained in said entry were covered by the amended grant, under^which Malse-ley claimed, but not within the original survey on which the grant issued. The amendment was made upon a petition stating a mistake in platting the survey, which varied from the lines run and marked. The court ordered a certificate to issue .upon which the amendment was made. The grant issued and the amendment was made before the entry of Kensinger. The question is, whether the lines described in the amended grant, shall be considered the boundaries; as the jury say, that the original survey did not include the entry. The court had jurisdiction to order the amendment they adjudged upon it; and the Secretary, the officer oí Government, made the amendment. No one was then interested but the State, and none but the State was affected by the amendment. And what is done by authority, even though it be erroneous, must stand till legally reversed; and be binding upon all those who were then interested in the decision.
Here the State was the only party concerned, and by her courts and accredited officers, did the act. If grants thus solemnly amended, could be vitiated by pointing out defects, at distant future periods, which might have been explained when the transaction was recent, the titles depending upon them would be clearly insecure. The rule is y “presumiter pro sentential so long as it stands unre-versed. The lands, then, being within the amended grant, belonged to the grantee, and of course to his assignee.
*73 Reverse the judgment of the circuit court, and render such judgment as the circuit court ought to have given; that no grant issue to the coveatee for any lands within the bounds of the amended grant; and as to the that he may obtain his grant, and that the caveatees recover their costs. Judgment reversed.